**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TARONTAE JACKSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PERRY RUSSELL,<br><br>　　　　　Defendant. | Case No. 3:21-CV-0063-MMD-CLB<br><br>**ORDER DENYING MOTION<br>TO APPOINT COUNSEL**<br><br>[ECF No. 21] |

Before the court is Plaintiff Tarontae Jackson's ("Jackson") motion for appointment of counsel. (ECF No. 21.) Defendant Perry Russell ("Russell") opposed the motion, (ECF No. 22), and no reply was filed. Jackson states in his motion that he is unable to afford counsel, the substantive issues and procedural matters are too complex for his comprehension and abilities, and he could present a much better case with counsel. (ECF No. 38.) Additionally, Jackson claims the ends of justice would best be served by appointing counsel in this case. (*Id.*)

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The

difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Exceptional circumstances do not exist in this instance. Jackson only makes conclusory assertions that this case is complex. However, this case is limited to one Eighth Amendment claim for deliberate indifference to serious medical needs against one Defendant, Perry Russell. (ECF No. 7.) In summary, Jackson alleges he contracted COVID-19 while incarcerated at Stewart Conservation Camp and did not receive appropriate medical attention. (ECF No. 5.) This claim does not involve a complex issue, nor will it require expert assistance to understand. Russell also states in opposition that Jackson failed to make any argument that he is likely to succeed on the merits. (ECF No. 22.)

Throughout the pendency of this action, Jackson has demonstrated that he can articulate his claims to the Court. While Jackson contends that he has limited knowledge in these types of proceedings, such lack of experience is unexceptional compared to most prisoner civil rights cases. Because Jackson has not demonstrated exceptional circumstances, the motion for appointment of counsel is **DENIED**. (ECF No. 21).

**DATED**: February 15, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**

2